<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4261**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERICK VALENTIN GONZALEZ-CHICAS, a/k/a Erick V. Gonzalez,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:10-cr-00279-JRS-1)

Submitted: September 29, 2011      Decided: October 4, 2011

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Robert J. Wagner, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Valentin Gonzalez-Chicas pled guilty to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). His twenty-four-month sentence was the bottom his properly calculated advisory Sentencing Guidelines range.[*] Gonzalez-Chicas' sole argument on appeal is that the district court failed to adequately explain its decision to deny counsel's argument for a downward variance sentence. For the reasons that follow, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45-46 (2007); United States v. Lynn, 592 F.3d 572, 578–79 (4th Cir. 2010) (noting abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error). We begin by reviewing the sentence for significant procedural error, including such errors as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, selecting a sentence based on clearly erroneous facts, or failing to

---

[*] Gonzalez-Chicas' advisory Sentencing Guidelines range was 24-30 months.

adequately explain the chosen sentence. Gall, 552 U.S. at 51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume reasonable a sentence within the properly calculated Guidelines range. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

An individualized explanation must accompany every sentence. Lynn, 592 F.3d at 576. The court's explanation need not be exhaustive, although it must be "sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decicisionmaking authority.'" United States v. Boulware, 604 F.3d 832, 837 (4th Cir. 2010) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). When imposing a sentence within the Guidelines range, however, the explanation need not be elaborate or lengthy because Guidelines "sentences themselves are in many ways tailored to the individual and reflect approximately two decades of close attention to federal sentencing policy." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (citation and internal quotation omitted).

We hold that the district court committed neither procedural nor substantive error during sentencing. The district court correctly calculated the advisory Guidelines

range and it is apparent from the court's discussion that it considered both parties' arguments, including the § 3553(a) factors, and had a reasoned basis for its decision. Accordingly, we affirm the district court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED